Winants *v.* Traphagen.

GARRET E. WINANTS, complainant and respondent,

*v.*

HENRY TRAPHAGEN et al., defendants and appellants.

[Filed November 14th, 1904.]

A mortgagor purchased the mortgaged premises at a foreclosure sale, and deposited with the sheriff ten per cent. of the amount of his bid. Upon his failure to complete the purchase, complainant's solicitors procured an order directing the sheriff to retain the deposit to meet any deficiency on a resale. Subsequently, the mortgagor, at the request of complainant's solicitors, gave them an order upon the sheriff for the money. The sheriff refused to pay because of the outstanding order to retain it.—*Held*, that it was the duty of complainant's solicitors to secure a revocation of the order, and that the mortgagor was entitled to a credit upon the decree as of the date of his order upon the sheriff.

On appeal from an order of the chancellor.

*Messrs. Collins & Corbin,* for the appellants.

*Messrs. Vredenburgh, Wall & Van Winkle,* for the respondent.

The opinion of the court was delivered by

SWAYZE, J.

The controversy in this case is over the amount now due upon a decree for foreclosure of a mortgage. Pursuant to the decree an execution was issued and the mortgaged premises were advertised for sale. Payments on account were made by the defendants and frequent adjournments had. The property was sold February 5th, 1891, to Henry Traphagen, the mortgagor, who deposited with the sheriff $752, being ten per cent. of the amount of his bid. Upon his failure to complete the sale, the solicitors of the complainant, on September 1st, 1891, procured an order that the property be resold. This order directed

the sheriff to retain in his hands the deposit made by Traphagen on the former sale to meet any deficiency on the resale until the further order of the court. On October 15th, 1891, Traphagen, at the request of the complainant's solicitors, gave them a letter to the sheriff, requesting him to credit the $752 on the execution, and pay the same less his fees to the complainant's solicitors. This letter was delivered to the sheriff and produced by him from among his papers. It is endorsed: "Hold previous ten per cent. for Vredenburgh & Garretson (solicitors of complainant) and not for Traphagen." It does not clearly appear whether this endorsement was made by the representative of Vredenburgh & Garretson or the representative of the sheriff. The sheriff did not pay the money, for the reason that the order of September 1st, 1891, directing him to retain it, was still outstanding, and the money now remains in his hands.

The claim of the defendant is that he is entitled to credit for this sum as of October 15th, 1891. This claim was rejected by the master to whom it was referred to ascertain and report the amount due on the decree. Upon exceptions to the master's report it was confirmed by the chancellor, and thereupon this appeal was taken.

It was a disputed question of fact whether Traphagen knew of the terms of the order of September 1st, 1891, or of the refusal of the sheriff to pay over the money, but the chancellor did not find it necessary to decide this question, nor is it necessary to decide it in the view we take of the case.

The only obstacle to the payment of the money by the sheriff on October 15th, 1891, was the order of September 1st. This order had been procured for the protection of the complainant by his solicitors. It was intended to enable the complainant to realize the full amount of his decree if, upon a resale, the property should bring $752 less than upon the former sale. The money was impounded solely for the benefit of the complainant, and, upon a resale of the property for a smaller sum, he would have been able to secure an order directing the payment of the money to him. Nor can there be any doubt that, even before a resale, he could, upon the production of Traphagen's order of October 15th, 1891, have obtained an order for the immediate

payment to him of the money. It was in the power of the complainant to remove the obstacle in the way of payment. It was not in Traphagen's power even had he known the facts. We think that when Traphagen, at the request of the complainant's solicitors, gave them the order on the sheriff, it became their duty to take such steps as were necessary to secure the money; and if a revocation of the order was necessary, it was as much their duty to procure such revocation as it was to deliver Traphagen's order to the sheriff.

The order should be reversed and the record remitted to the court of chancery for further proceedings in conformity with this opinion.

*For reversal*—DIXON, GARRISON, FORT, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY—10.

*For affirmance*—None.